UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

---

| | |
|---|---|
| **JOSEPH WILLIAMS,** ) | |
| ) | |
| **Petitioner,** ) | |
| v. ) | Case No. 08-CV-2279 |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

**OPINION**

This case is before the court for ruling on the pro se Motion (#7) requesting transcripts filed by Petitioner, Joseph Williams. For the reasons that follow, Petitioner's pro se Motion (#7) is DENIED.

BACKGROUND

On August 17, 2007, in Case No. 07-CR-20067, Petitioner entered an open plea of guilty to the offense charged in the indictment against him. The indictment charged that Petitioner, by intimidation, did take from the person or presence of another, money belonging to and in the care, custody, control and possession of the ICG Credit Union, the deposits of which were insured by the National Credit Union Administration, in violation of 18 U.S.C. § 2113(a). On November 20, 2007, a sentencing hearing was held and Petitioner was sentenced to a term of 188 months in the Federal Bureau of Prisons. Petitioner did not file a notice of appeal.

On April 23, 2008, Petitioner filed, in his criminal case, a pro se Motion for Copy of Trial and Sentencing Transcript. This court entered an Opinion denying the pro se Motion. This court stated that, because Petitioner did not appeal his conviction or sentence, no transcripts had been prepared in this case. This court additionally noted that, because Petitioner pleaded guilty to the charge against him, no trial was held, so no trial transcript could be prepared. This court further

noted that 28 U.S.C. § 753(f) allows an indigent defendant to obtain the preparation of free transcripts to prosecute a § 2255 action, "if the trial judge . . . certifies that the suit . . . is not frivolous and that the transcript is needed to decide the issue presented by the suit." 28 U.S.C. § 753(f); see also United States v. Ray, 2007 WL 4232988, at *1 (E.D. Wis. 2007). "However, the defendant must first file the § 2255 action in order to obtain preparation of transcripts under § 753(f)." Ray, 2007 WL 4232988, at *1 (emphasis in original); see also United States v. Tolliver, 2007 WL 611236, at *1 (S.D. Ill. 2007) (stating that § 753(f) applies when the transcript is needed to decide an issue presented by a pending and non-frivolous action). This court stated that, because Petitioner had not yet filed a § 2255 motion, he was not eligible for transcripts under § 753(f). See Ray, 2007 WL 4232988, at *1.

This court further noted that, once Petitioner had filed his Motion under 28 U.S.C. § 2255, he could file a motion requesting the preparation of transcripts under § 753(f). This court stated that, if this court concluded that Petitioner's Motion was not frivolous and that transcripts were needed to decide an issue presented in the Motion, this court would order the preparation of transcripts at that time.

ANALYSIS

On November 17, 2008, Petitioner filed his pro se Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (#1) in this case. Petitioner claimed that he was denied the effective assistance of counsel because his counsel made no attempt to seek a plea agreement from the prosecutor so he entered into an "open plea." Petitioner also claimed that his counsel did not adequately contest his classification as a career offender in the Pre-Sentence Report and did not file a notice of appeal.

On February 5, 2009, the Government filed its Response to Petitioner's pro se Motion (#6). The Government argued that Petitioner's claims have no merit because there is no constitutional right to a plea bargain, Petitioner clearly qualified as a career offender so his counsel was not ineffective for failing to challenge that classification and Petitioner did not direct his counsel to file a notice of appeal. In its Response, the Government quoted from the sentencing hearing, wherein Petitioner stated that he had no objections to the Pre-Sentence Report. However, no transcript of the sentencing hearing has been filed in Petitioner's criminal case or in this case.

Petitioner sent a letter to the clerk's office, dated February 16, 2009, in which he asked for a recording of his guilty plea and a copy of his sentencing transcript. He stated that he is preparing his response to the Government's response to his Motion under § 2255. The letter has been construed as a pro se Motion (#7) requesting transcripts.

In his pro se Motion (#7), Petitioner has made no attempt to explain why he needs the recording from his guilty plea or the transcript from his sentencing hearing in support of his Motion under § 2255. Therefore, this court cannot make the necessary certification that the transcript is "needed to decide the issue presented by the suit." 28 U.S.C. § 753(f); see also Ray, 2007 WL 4232988, at *1. This court therefore concludes that Petitioner's pro se Motion (#7) must be denied.

IT IS THEREFORE ORDERED THAT Petitioner's pro se Motion (#7) is DENIED.

ENTERED this 6th day of March, 2009

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE