**E-FILED**
Friday, 19 June, 2009  11:47:50 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | | |
|---|---|---|
| JOSEPH WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | **Case No. 08-CV-2279** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION

On November 17, 2008, Petitioner, Joseph Williams, filed his Motion to Vacate, Set

Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#1).  Respondent, United States of

America ("the Government"), filed a Response to Petitioner's Motion on February 5, 2009 (#6).

For the reasons that follow, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence

Pursuant to 28 U.S.C. § 2255 (#1) is DENIED.

## BACKGROUND

On August 17, 2007, Petitioner entered an open plea of guilty to the offense charged in

the indictment against him.  The indictment charged that the Petitioner, by intimidation, did take

from the person or presence of another, money belonging to and in the care, custody, control,

and possession of the ICG Credit Union in violation of 18 U.S.C. § 2113(a).  A sentencing

hearing was held on November 20, 2007, and Petitioner was sentenced to a term of 188 months

in the Federal Bureau of Prisons.  Petitioner did not file a notice of appeal.

On November 17, 2008, Petitioner filed his pro se Motion under 28 U.S.C. § 2255 to

Vacate, Set Aside, Correct Sentence (#1).  Petitioner argued he was denied the effective

assistance of counsel because his counsel made no attempt to seek a plea agreement from the

prosecutor, consequently he entered an "open plea."  Petitioner also claimed that his counsel did

not adequately contest his classification as a career offender in the Pre-Sentence Report, and did

not automatically file a notice of appeal as he should have.

The Government filed its Response to the Petitioner's Motion (#6) on February 5, 2009.

The Government argued that Petitioner's claims have no merit because there is no constitutional

right to a plea bargain.  The Government also argued that Petitioner clearly qualified as a career

offender so his counsel was not ineffective for failing to challenge that classification, and that

Petitioner did not indicate that he directed his counsel to file an appeal.

Petitioner sent a letter to the clerk's office on February 16, 2009 in which he asked for a

recording of his guilty plea and a copy of his sentencing transcript.  The court construed this

letter as a pro se Motion (#7) requesting transcripts, and denied this Motion on March 6, 2009

because Petitioner made no attempt to explain why the transcripts were "needed to decide the

issue presented by the suit." 28 U.S.C. § 753(f).  Petitioner did not file a Reply to the

Government's Response.

ANALYSIS

To establish a claim of ineffective assistance of counsel following a guilty plea a

defendant must show 1) that the counsel's performance fell below an objective standard of

reasonableness, and 2) that there was a reasonable probability that, but for counsel's errors, the

defendant would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart,

474 U.S. 52, 57-59 (1985).

Petitioner argues that he did not receive effective assistance of counsel because no plea

agreement was obtained from the Government.  However, the Supreme Court has established

that "there is no constitutional right to a plea bargain; the prosecutor need not do so if he prefers

to go to trial." Weatherford v. Bursey, 429 U.S. 545, 561 (1977).  In this case, no plea agreement

2

was offered to the Petitioner.  The Government has indicated in its Response that no plea

agreement would have been offered even if Petitioner had chosen to proceed to trial.  Not

obtaining a plea agreement when none was offered or guaranteed does not demonstrate any lack

of reasonableness on the part of counsel, nor does this show any error on the part of counsel that

would have affected the guilty plea tendered in this case.

Petitioner also argues that he was erroneously classified as a career offender because the

Government did not file notice that his prior convictions would be used to enhance his sentence

in any way.  While filing this information is required when dealing with certain drug offenses

under 21 U.S.C. § 851, that statute is not applicable in this case.  Here, Petitioner was classified

as a career offender under § 4B1.1 of the United States Sentencing Guidelines (U.S.S.G.), which

does not require that any notice be given about the effect that prior convictions will have on the

calculation of sentencing.  See U.S.S.G. § 4B1.1.  The purpose of the notice requirement under §

851 is to ensure that a defendant is aware of the increased statutory maximum penalties before

pleading guilty.  Conversely, treatment as a career offender does not affect the statutory

punishment range, thus no notice is required.  See United States v. Warner, 175 F. Appx. 52, 53

(7th Cir. 2006).  Furthermore, the record indicates that Petitioner was asked in open court if he

was aware of his classification as a career offender and he answered in affirmative. The court

then asked if he had any objections to this classification and none were raised.  Because no

notice must be given when prior convictions will be used under § 4B1.1., there was no error

made in classifying Petitioner as a career offender based on his past convictions.  Thus counsel

was not ineffective for failing to challenge this classification.

Finally, Petitioner argues that his counsel was ineffective for failing to file an appeal to

challenge his classification as a career offender.  Petitioner does not assert that he requested his

counsel to file an appeal, rather he argues that counsel did not file an "obligatory" appeal.

However, there is no *per se* rule requiring counsel to file a notice of appeal absent a specific

request by his client to do so. Roe v. Flores-Ortega, 528 U.S. 470, 478 (2000).  Because nothing

in the record indicates that Petitioner requested that his counsel file an appeal, the failure to

automatically file an appeal does not demonstrate that counsel's performance in this case fell

below an objective standard of reasonableness.

IT IS THEREFORE ORDERED THAT:

(1) Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §

2255 (#1) is DENIED.

(2) This case is terminated.

ENTERED this __19th___ day of June, 2009

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE